IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL OSTRANDER,

    Plaintiff,

vs.

FREMONT INVESTMENT & LOAN, et al.,

    Defendants.

No. CIV S-09-99 JAM KJM PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion to dismiss came on regularly for hearing on April 29, 2009. No appearance was made for plaintiff, proceeding pro se.[1] Matthew McClendon appeared for defendants. Upon review of the documents in support and opposition,[2] and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

/////

---

[1] The court was advised that plaintiff contacted the Clerk of Court prior to the hearing, indicating that he was delayed. At the time the calendar was called, the instant matter was trailed to the end of calendar. After the other matters on the calendar had been called, plaintiff still had not appeared and the hearing then proceeded with defense counsel present.

[2] Plaintiff did not file timely opposition and the matter was continued so that plaintiff could have further time to file opposition. Plaintiff again did not file opposition within the time allotted by the court. Plaintiff has now filed belated opposition, which defendant moves to strike. The court declines to strike the opposition and has considered it in ruling on the motion to dismiss.

1

In this action, plaintiff challenges the foreclosure of his home, alleging that the United States has been in bankruptcy since 1933, Federal Reserve notes have no intrinsic value, and that plaintiff was not loaned anything of worth. Defendant moves to dismiss for failure to state a claim. Defendants' motion is well taken.

The theory underlying plaintiff's claims is untenable, frivolous and must be rejected outright.[3] See Foret v. Wilson, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument, that gold and silver is the only legal tender in United States, is hopeless and frivolous); see also Sneed v. Chase Home Finance, LLC, 2007 WL 1851674, *3 (S.D. Cal. June 27, 2007); Tuttle v. Chase Home Finance, LLC, 2008 WL 4919263, *3-4 (D. Utah Nov. 17, 2008); Carrington v. Fed'l Nat'l Mortgage Assoc., 2005 WL 3216226, *2 (E.D. Mich. Nov. 29, 2005). Plaintiff offers no support for his contention that Ohio judicial foreclosure statutes are applicable to the subject home, which is situated in California, a non-judicial foreclosure state. See Cal. Civ. Code § 2924, et seq. It is readily apparent that amendment in this case would be futile. The complaint should therefore be dismissed with prejudice.

Plaintiff has moved for a temporary restraining order. The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders that are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

/////

---

[3] Plaintiff is cautioned that further frivolous filings causing unwarranted consumption of judicial resources and defense costs will result in the imposition of sanctions under Federal Rule of Civil Procedure 11.

2

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria traditionally are treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975) (emphasis in original)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

As discussed above, plaintiff demonstrates no likelihood of success on the merits. In light of the recommendation that this action be dismissed with prejudice, plaintiff's request for preliminary injunctive relief should be denied as well.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to strike is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted with prejudice; and
2. Plaintiff's motion for preliminary injunctive relief be denied.

| | |
|---|---|
| 1 | These findings and recommendations are submitted to the United States District |
| 2 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten |
| 3 | days after being served with these findings and recommendations, any party may file written |
| 4 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 5 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections |
| 6 | shall be served and filed within ten days after service of the objections. The parties are advised |
| 7 | that failure to file objections within the specified time may waive the right to appeal the District |
| 8 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 9 | DATED: May 4, 2009. |

_____
U.S. MAGISTRATE JUDGE

006
ostrander.57